IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                          No. 3:20-cr-36-DPM

DERRICK MOTON                                                 DEFENDANT

ORDER

Moton renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He says he is the only available caregiver for his brother, Clark, who suffered a seizure in October 2023 and others in February 2024. The Court denied Moton's first motion without prejudice and allowed him to submit evidence of Clark's medical condition and needs. *United States v. Vangh*, 990 F.3d 1138, 1141 (8th Cir. 2021).

The Court has now received and reviewed Clark's most recent medical records. Moton's concern for his brother's health is understandable. But the Court is not convinced that Moton is Clark's only available caregiver or that Clark is incapable of self-care. Clark's rehabilitation center discharged him in early December 2023. Four days later, he penned a letter in support of Moton's first motion. *Doc. 53 at 18*. He has been living alone since then. *Doc. 59 at 2*. A family friend has stepped in as a temporary caregiver. *Doc. 60 at 8*. Delois, a sister, is Clark's power of attorney. In her original letter, she said,

"I can keep him fed and make sure he goes to the doctors on time." *Doc. 53 at 21*. By all accounts, Clark's health struggles are an imposition on his loved ones. They have busy lives and families of their own. But, while difficult, these circumstances aren't extraordinary and compelling. USSG § 1B1.13(b)(3)(D). Clark's medical records also indicate that he has health insurance, plus Medicaid. The record does not show that Moton is the only available caregiver. Moton's motions for compassionate release, *Doc. 59 & 60*, are therefore denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

9 April 2024